Dear Representative Easley
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Is a bail bondsman responsible for the costs incurred by law enforcement agencies in returning a defendant to the court of original jurisdiction from the custody of another jurisdiction within the State?
 2. May a municipal police department or other law enforcement agency prohibit its peace officers from arresting defendants based on a certified copy of the bond when no arrest warrant has been issued?
 3. In order to surrender a defendant, must a bail bondsman complete an arrest and booking report at the jail where the defendant is to be incarcerated?
 I. Background
¶ 1 Bail is the "means of procuring the release of one charged with an offense, by insuring his future attendance in court, and compelling him to remain within jurisdiction of the court."Manning v. State ex rel. Williams, 120 P.2d 980, 981 (Okla. 1942).
¶ 2 Article II, Section 8(A) of the Oklahoma Constitution creates the right to bail under certain circumstances. The parameters of bail are provided for at Chapter 19 of Title 22 (22 O.S. Supp. 2002, §§ 1101[22-1101] -1115.5), and Chapter 33 of Title 59 of the Oklahoma Statutes (59 O.S. 2001 Supp. 2002, §§1301-1340).
¶ 3 For a criminal defendant to be admitted to bail, the defendant and his bail bondsman must execute a bond payable to the State.[1] 2003 Okla. Sess. Laws ch. 82, § 1(A) (amending 22 O.S. 2001, § 1101[22-1101]). Once admitted to bail the defendant is released. 22 O.S. 2001, §§ 1105[22-1105](A), 1106. The bondsman serves as the defendant's surety, guaranteeing that the defendant will appear in court. 59 O.S. 2001, 1301(4), (12). Also, the defendant and bondsman enter into a contract which sets out the terms of the bail. 2003 Okla. Sess. Laws ch. 66, § 1(A) (amending 59 O.S. 2001, § 1327[59-1327](A)); see State v. Jackson,592 P.2d 546, 547 (Okla.Ct.App. 1979). If the defendant fails to appear in court there is a "breach of an undertaking" and the defendant forfeits the bond. 22 O.S. 2001, § 1108[22-1108]; 59 O.S.Supp. 2002, § 1332[59-1332](A).
¶ 4 To answer your questions it is necessary to examine the procedures available to a bondsman to return a defendant to the court of original jurisdiction, both prior to and after a breach of the undertaking.
 II.
(A) Surrendering a Defendant Prior to a Breach of theUndertaking
¶ 5 The bondsman may surrender the defendant at any time prior to a breach of the undertaking. 2003 Okla. Sess. Laws ch. 66, § 1(A) (amending 59 O.S. 2001, § 1327[59-1327](A)). The bondsman may surrender the defendant by arresting him or her, or by empowering a peace officer to make the arrest. 59 O.S. 2001, § 1329[59-1329]. Once the defendant has been surrendered the bond is exonerated. 2003 Okla. Sess. Laws ch. 66, § 1(A) (amending 59 O.S. 2001, §1327[59-1327](A)).
¶ 6 With regard to the surrender of a defendant prior to breach, your first question is answered by Section 1327(B) of Title 59 which provides in full as follows:
 B. If the defendant has been placed in custody of another jurisdiction, the district attorney shall direct a hold order to the official, judge or law enforcement agency where the defendant is in custody. All reasonable expenses accrued in returning the defendant to the original court shall be borne by the bondsman who posted the bond with that court. Upon application, the bond in the original court shall be exonerated when the hold order is placed and upon proof of payment of expenses by the bondsman.
Id. (emphasis added).
¶ 7 The language of Section 1327(B) summarily states the bondsman must pay the cost of returning the defendant to the original court of jurisdiction to obtain an exoneration of the bond, prior to a breach of the undertaking.
(B) Return of the Defendant After a Breach of the Undertaking
¶ 8 If the defendant fails to appear in court and thus breaches the undertaking, the court issues an arrest warrant for the defendant as well as an order and judgment declaring the bond forfeited. 59 O.S. Supp. 2002, § 1332[59-1332](A). The court clerk mails a copy of the order and judgment of forfeiture to the bondsman, with a return receipt requested. Id. Upon receipt of the order and judgment or upon mailing of the notice if no receipt is made, the bondsman has ninety days in which to return the defendant to the custody of the court to exonerate the bond. Id. § 1332(C)(1), (2).
¶ 9 Section 1332(C)(3) provides the circumstances under which the defendant is considered to have been returned to custody:
 3. For the purposes of this section, return to custody shall mean:
 a. the return of the defendant to the appropriate Oklahoma law enforcement agency by the bondsman,
 b. an appearance of the defendant in open court in the court where charged,
 c. arrest or incarceration within this state of the defendant by law enforcement personnel, or
 d. arrest or incarceration of the defendant in any other jurisdiction provided, the bondsman has requested that a hold be placed on the defendant in the jurisdiction wherein the forfeiture lies, and has guaranteed reasonable travel expenses for the return of the defendant.
Id. (emphasis added).
¶ 10 Therefore, the defendant is considered to be returned to custody once he or she is arrested by law enforcement personnel anywhere in the State. Id. The bondsman, however, is still responsible for the costs of transporting and physically delivering the defendant to the court of original jurisdiction as required by Section 1332(E)(2), which provides in full as follows:
 Where the defendant is in the custody of another court, the district attorney or municipal attorney shall direct a hold order to the official, judge, court or law enforcement agent wherein the defendant is in custody; provided, that all expenses accrued as a result of returning the custody of the defendant shall be borne by the bondsman.
Id. (emphasis added).
¶ 11 In answer to your first question, the bondsman is responsible for the costs of returning the defendant to the court of original jurisdiction both prior to and after a breach of the undertaking.[2]
 III. The Bondsman's Authority To Empower A Peace Officer To Arrest A Defendant
¶ 12 If the defendant breaches the undertaking, the court issues an arrest warrant and the defendant may be apprehended by law enforcement personnel on the basis of that warrant. 59 O.S.Supp. 2002, § 1332[59-1332](A). However, to surrender the defendant prior to a breach of the undertaking, a bondsman may empower a law enforcement officer to arrest the defendant, though no warrant has been issued. 59 O.S. 2001, § 1329[59-1329]. The bondsman's authority to so empower a peace officer, provided at Section 1329, reads as follows:
 For the purpose of surrendering the defendant, the surety may arrest him before the forfeiture of the undertaking, or by written authority endorsed on a certified copy of the undertaking, may empower any peace officer to make arrest, first paying the lawful fees therefor.
Id.[3]
¶ 13 You next ask whether a police department may institute a policy that prohibits its officers from agreeing to make arrests based on a certified copy of a bond when no arrest warrant has been issued. Section 1329 provides a means by which peace officers can be empowered to make arrests before the defendant has actually breached the undertaking. The statute, however, does not create a duty on the part of the officer to do so; the officer may refuse to exercise the power.
¶ 14 As a result, while Section 1329 authorizes bondsmen to empower peace officers to make an arrest, it does not give them the authority to order the officers to do so. Peace officers remain under the chain of command of their respective law enforcement agencies. See Acevedo v. City of Muskogee,897 P.2d 256, 259 (Okla. 1995) (police officer terminated for violating the normal chain of command). Bondsmen do not have authority to direct the actions of a peace officer or to countermand the orders of a peace officer's supervisor. 11 O.S.2001, §§ 12-111[11-12-111], 34-101-34-103; 19 O.S. 2001, § 547[19-547].
¶ 15 Therefore, the answer to your second question is yes. Law enforcement agencies, including municipal police departments, may prohibit their peace officers from making arrests based on a certified copy of a bond when no arrest warrant has been issued.[4]
 IV. Admitting The Defendant To Jail
¶ 16 You last ask whether the bondsman must complete an arrest and booking report at the jail where the defendant is to be incarcerated in order to surrender the defendant. County and municipal jails are operated by their respective governing boards, councils, or trust authorities. 19 O.S. 2001, §904.2[19-904.2](A); 2003 Okla. Sess. Laws ch. 3, § 54(A) (amending 60O.S. Supp. 2002, § 176[60-176](A)).[5] See also Tulsa CountyDeputy Sheriff's Fraternal Order of Police, Lodge Number 188 v.Bd. of County Comm'rs, 995 P.2d. 979, 981-82 (Okla. 1998) (discussion of jails and public trust authorities).
¶ 17 The answer to your question is found in 59 O.S. 2001, §1328[59-1328], which provides in pertinent part as follows:
 The person desiring to make a surrender of the defendant shall procure a certified copy of the undertakings and deliver them together with the defendant to the official in whose custody the defendant was at the time bail was taken, or to the official into whose custody he would have been given had he been committed, who shall detain the defendant in his custody thereon, as upon a commitment, and by a certificate in writing acknowledge the surrender.
Id.
¶ 18 The bondsman's duties have been discharged if he or she delivers the defendant, along with a certified copy of the undertaking to the official who had custody of the defendant at the time bail was taken, or who would have had custody if the defendant had been committed. Id. There is no requirement for the bondsman to complete an arrest and booking report. See 59O.S. 2001 Supp. 2002, §§ 1301-1340. The bondsman is not responsible for admitting the defendant to jail. 59 O.S. 2001, §1328[59-1328]. The bondsman is only responsible for surrendering the defendant to the custody of the appropriate official. Id. An official who fails to receive into his or her custody a defendant who has been duly surrendered by the bondsman has committed an offense punishable as a misdemeanor. 2003 Okla. Sess. Laws ch. 199, § 1 (amending 21 O.S. 2001, § 533[21-533]).[6]
 ¶ 19 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Pursuant to 2003 Okla. Sess. Laws ch. 66, § 1(A) (amending 59 O.S. 2001, § 1327(A)) and Section 1332(E)(2) of Title 59, a bondsman is responsible for the cost of returning a defendant to the custody of the court of original jurisdiction when the defendant has been arrested or incarcerated in another jurisdiction within the state.
 2. While 59 O.S. 2001, § 1329[59-1329] gives bondsmen the authority to empower peace officers to make arrests based on a certified copy of the bond, it does not give them the authority to order the officers to do so. Law enforcement agencies, including municipal police departments, may prohibit their peace officers from making arrests based on a certified copy of a bond when no arrest warrant has been issued. 11 O.S. 2001, §§ 12-111[11-12-111], 34-101-34-103; 19 O.S. 2001, § 547[19-547].
 3. Pursuant to 59 O.S. 2001, § 1328, to surrender the defendant the bondsman need only deliver the defendant and a certified copy of the undertaking to the officer who had custody of the defendant when bail was taken, or to the official into whose custody the defendant would have been given had he or she been committed. 2003 Okla. Sess. Laws ch. 199, § 1 (amending 21 O.S. 2001, § 533). A bondsman is not required to complete an arrest and booking report, or otherwise perform administrative tasks necessary to admit the defendant to jail. See 59 O.S. 2001 Supp. 2002, §§ 1301 -1340.
 W.A. DREW EDMONDSON Attorney general of oklahoma
 GRANT E. MOAK Assistant Attorney General
[1] Title 59 O.S. 2001, § 1334[59-1334](A) provides for the admission to bail on personal recognizance.
[2] Pursuant to 59 O.S. Supp. 2002, § 1332[59-1332](C)(3)(d), the bondsman is also responsible for the costs of returning the defendant to the court of original jurisdiction when the defendant is arrested or incarcerated in another state.
[3] Title 22 O.S. 2001, § 1107[22-1107] authorizes a bondsman to empower a peace officer to make an arrest based on a certified copy of the bond at any time prior to discharge of the bail.
[4] If the bondsman believes that the defendant is about to abscond, the bondsman can petition the court to issue a warrant for the defendant's arrest pursuant to 22 O.S. 2001, § 1109[22-1109].
[5] See also 2003 Okla. Sess. Laws ch. 184, § 5(A) (amending60 O.S. Supp. 2002, § 176[60-176](A)).
[6] Section 533 provides in full:
 A. Any officer or contractor who, in violation of a duty imposed upon the officer or contractor by law as such officer or by contract to receive into the officer's custody any person as a prisoner, willfully neglects or refuses so to receive such person into the officer's custody is guilty of a misdemeanor.
 B. Any officer or contractor who, in violation of a duty imposed upon the officer by laws or by contract to fingerprint any person received into the officer's custody as a prisoner, willfully neglects or refuses so to fingerprint such person is guilty of a misdemeanor.
Id.